**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT COLUMBIA**

**SINCLAIR, INC.**
10706 Beaver Dam Rd.
Hunt Valley, MD 21030

Plaintiff,

v.

**DEPARTMENT OF THE ARMY**
**US ARMY HUMAN RESOURCES COMMAND**
1600 Spearhead Division Avenue
Dept. 107
Fort Knox, KY 40122

**Serve:**

Todd Blanche
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Kelly O. Hayes
United States Attorney
for the District of Maryland
United States Attorney's Office
Attn: Civil Process Clerk
36 South Charles Street, 4th Floor
Baltimore, MD 21201

The Honorable Daniel P. Driscoll
Secretary of the Army
Department of the Army
101 Army Pentagon
Washington, DC 20310-0101

Civil Action No. ______________________

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

Sinclair, Inc. ("Sinclair"), by and through its undersigned counsel, hereby alleges as follows:

1. Plaintiff brings this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), for declaratory, injunctive, and other appropriate relief against the United States Army Human Resources Command (the "USAHRC" or "Defendant").

2. By this action, Sinclair seeks to compel Defendant to comply with their obligations under FOIA to release records pertaining to the military records of Westley Watende Omari Moore. Sinclair is statutorily entitled to the disclosure of these records, and Defendant has improperly withheld them in violation of FOIA.

**Jurisdiction and Venue**

3. The Court has subject matter jurisdiction over this action and personal jurisdiction over Defendant under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

4. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

5. Plaintiff Sinclair is a diversified media company and a leading provider of local news and sports news. Sinclair owns, operates and/or provides services to 177 television stations in 79 markets affiliated with all major broadcast networks. A core function of Sinclair's news operations is to provide essential information to its viewers, which often includes seeking and obtaining public records from various government agencies. Sinclair is located in Hunt Valley, Maryland.

6. Defendant USAHRC is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f)(1) that has possession, custody, and/or control of the records

that Plaintiff seeks. The USAHRC is a component of the United States Department of Defense and is located at 1600 Spearhead Division Avenue, Dept. 107, Fort Knox, Kentucky 40122.

## Facts

7. On October 27, 2025, Plaintiff submitted a FOIA request to the USAHRC (the "Request"). A true and correct copy of the Request is attached hereto as **Exhibit 1** and is incorporated by reference.

8. The Request sought:

a. Bronze Star Medal Award Documentation:

i. The complete DA Form 638 (Recommendation for Award) associated with the Bronze Star Medal presented in Annapolis, Maryland, on December 20, 2024, including all endorsements, recommender information, intermediate authority, and approving authority signatures. Our understanding is that this award was approved on November 19, 2024;

ii. The official award citation and any accompanying memoranda or orders authorizing the award of November 19, 2024;

iii. The original DA Form 638 prepared and submitted (with any associated paperwork) for Mr. Moore's original Bronze Star recommendation while he was deployed to Afghanistan and attached to the 1st Brigade, 82nd Airborne Division from August 15, 2005 to March 14, 2006;

b. Career and Service Records:

i. Records showing dates of appointment and promotion to each commissioned rank through the grade of Captain (0-3);

ii. A list of all military schools attended and units of assignment during the individual's Army Reserve career; to include all units attached to or placed under the operational control (OPCON) of during mobilizations;

c. Officer Evaluation Reports (OERs):

i. Copies of any Officer Evaluation Reports (OERs) that are releasable under the Freedom of Information Act and the Privacy Act of 1974.

> Particularly OERs for the time period August 8, 2005, to March 22, 2006.

Ex. 1.

9. Importantly, a standard DA Form 638 specifically provides that it is subject to public inspection. The "Routine Uses" section of the Form provides that "[i]n addition to those disclosures generally permitted under 5 U.S.C. § 552a(b) of the Privacy Act of 1974, as amended, these records contained therein may specifically be disclosed outside the DoD as a routine use pursuant to 5 U.S.C. § 552a(b)(3) as follows: Information may be disclosed to public and private organizations including news media, which grant or publicize awards or honors." A true and correct copy of a blank DA Form 638 is attached hereto as **Exhibit 2**.

10. On February 10, 2026, after the expiration of the statutorily mandated period for a response under FOIA, Plaintiff received a letter from the USAHRC assigning control number FA-26-0165 to the Request, providing redacted copies of 32 pages of records, and otherwise denying the Request (the "Response"). A true and correct copy of the letter is attached hereto as **Exhibit 3**.

11. In the Response, the USAHRC made a blanket contention that certain records were being withheld pursuant to "FOIA Exemption 6" as the release would constitute an unwarranted invasion of personal privacy.

12. The Response provided no meaningful detail or information regarding how the release of the requested records would satisfy the requirements of FOIA Exemption 6.

13. On February 11, 2026, in-house counsel for Plaintiff mailed an appeal to the USAHRC in accordance with 5 U.S.C. § 552(a)(6) and 32 CFR § 286.11 (the "Appeal"). A true and correct copy of the Appeal is attached hereto as **Exhibit 4**.

14. On July 30, 2026, after the expiration of the statutory deadline for responding to a FOIA appeal, the Office of the General Counsel for the Department of the Army responded to the Appeal, partially affirming the Response and partially remanding it (the "Appeal Decision"). A true and correct copy of the Appeal Decision is attached hereto as **Exhibit 5**.

15. In the Appeal Response, the Department of the Army upheld the portions of the Response concerning the application of Exemption 6, but remanded the matter as it relates to the "DA Form 638" and the "OERs."

16. As of the date of this complaint, Sinclair has not received any further response from the USAHRC.

CAUSES OF ACTION

**COUNT I**
**Violation of FOIA for Wrongful Withholding of Agency Records**

17. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

18. Defendant is an agency subject to FOIA.

19. By the Request, Plaintiff properly requested records within the possession, custody or control of the Defendant.

20. The Request complied with all applicable regulations regarding the submission of FOIA requests.

21. Defendant has released only portions of records in response to the Request.

22. Defendant's blanket reliance on "FOIA Exemption 6" is insufficient as a matter of law to justify withholding the requested records.

23. Defendant has improperly withheld records responsive to the Request in violation of FOIA. 5 U.S.C. § 552(a)(3)(A).

24. Because the Department of the Army stated in the Appeal Decision that it was a final action on behalf of the General Counsel, Plaintiff has exhausted applicable administrative remedies with respect to the Appeal. 5 U.S.C. § 552(a)(6)(A)(ii); *id.* § 552(a)(6)(C)(i).

**Requested Relief**

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Order Defendant to complete their search for records responsive to the Sinclair Requests, and to issue determinations with respect to the Sinclair Request;

(2) Order Defendant to release all non-exempt records or portions thereof responsive to the Request;

(3) Issue a declaration that Sinclair is entitled to disclosure of the records responsive to the Request;

(4) Enjoin Defendant from continuing to withhold any and all non-exempt records or portions thereof responsive to the Request;

(5) Award Plaintiff reasonable attorney fees and costs incurred in this action under 5 U.S.C. § 552(a)(4)(E); and

(6) Grant such other relief as the Court may deem just and proper.

Dated: August 19, 2026

Respectfully submitted,

OFFIT KURMAN, P.A.

*/s/ Eric Pelletier*
Eric Pelletier, DC Bar No. 454794
7501 Wisconsin Avenue, Suite 1000W
Bethesda, MD 20814
T: (240) 507-1700; Fax: (240) 507-1735
epelletier@offitkurman.com
*Counsel for Plaintiff*

4905-8566-6761, v. 1