UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SINCLAIR, INC.,<br>Plaintiff,<br>v.<br>DEPARTMENT OF THE ARMY,<br>Defendant. | Civil Action No. 26-2919 (JMC) |

**ANSWER**

Defendant the Department of the Army ("Defendant"), by and through undersigned counsel, hereby answers Plaintiff's Complaint arising under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendant denies all allegations in the Complaint, including Plaintiff's requested relief, except to the extent specifically admitted below. To the extent the Complaint refers to, characterizes, or quotes from documents, statutes, regulations, correspondence, or other materials, Defendant respectfully refers the Court to those materials for a complete and accurate statement of their contents and denies any allegations inconsistent therewith. Defendant's references to such materials are not intended to be, and should not be construed as, admissions that Plaintiff has accurately characterized those materials, that the materials are relevant to this action, or that the materials are admissible.

Defendant responds to the numbered paragraphs of the Complaint as follows:

1. Paragraph 1 consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff purports to bring this action under the FOIA.

2. Paragraph 2 consists of Plaintiff's further characterization of this action, to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff purports to bring this action under the FOIA and denies that it has improperly withheld records in violation of the FOIA.

**Jurisdiction and Venue[1]**

3. Paragraph 3 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has jurisdiction under the FOIA, 5 U.S.C. § 552(a)(4)(B), subject to the terms, conditions, and limitations of that statute.

4. Paragraph 4 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in this District for actions properly arising under the FOIA.

**Parties**

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6. Paragraph 6 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant admits that the Army is an agency within the meaning of the FOIA, generally has possession, custody, or control of the type of records Plaintiff is seeking, and that U.S. Army Human Resources Command is a component of the Army, and thereby a component of the Department of Defense, and that Human Resources Command is located at 1600 Spearhead Division Avenue at Fort Knox, Kentucky.

[1] For ease of reference only, Defendant's Answer uses the headings contained in the Complaint. Defendant does not admit to any allegations by using those headings. To the extent any headings may be construed to contain factual allegations, those allegations are denied.

**Facts**

7. Denied. Defendant avers that Plaintiff's FOIA request was dated October 27, 2025, but was not submitted to Defendant until October 29, 2025.

8. Paragraph 8 and its subparagraphs consist of Plaintiff's characterization of the FOIA request identified in paragraph 7 and attached to Plaintiff's Complaint as Exhibit 1, which is the best evidence of its contents. Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

9. Admitted.

10. Paragraph 10 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant admits that the letter is a true and accurate copy of the response sent by the U.S. Army Human Resources Command on February 10, 2026.

11. Paragraph 11 consists of Plaintiff's characterization of the letter sent from the U.S. Army Human Resources Command FOIA office, which is the best evidence of its contents. Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

12. Paragraph 12 consists of Plaintiff's characterization of the letter sent from the U.S. Army Human Resources Command FOIA office, which is the best evidence of its contents. Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

13. Paragraph 13 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant admits that the U.S. Army Human Resources Command FOIA office received the appeal letter on February 12, 2026.

14. Paragraph 14 consists of Plaintiff's characterization of the appeal response letter sent from the U.S. Army's Office of the General Counsel, which is the best evidence of its contents. Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

15. Admitted.

16. Admitted.

**Causes of Action**
**Count I**
**Violation of FOIA for Wrongful Withholding of Agency Records**

17. Paragraph 17 re-alleges and incorporates by reference the preceding paragraphs of Plaintiff's Complaint, to which Defendant responds by incorporating its responses to paragraphs 1 through 16.

18. Paragraph 18 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant incorporates its response to paragraph 6.

19. Paragraph 19 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant incorporates its response to paragraph 7.

20. Paragraph 20 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant avers that Plaintiff appears to have submitted his FOIA request in accordance with relevant regulatory standards and procedures.

21. Paragraph 21 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant admits that U.S. Army Human Resources Command did grant a partial release of records to Plaintiff on February 10, 2026.

22. Paragraph 22 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

23. Paragraph 23 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

24. Paragraph 24 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff has exhausted its administrative remedies.

**Requested Relief**

The remainder of the Complaint, including Plaintiff's numbered requests for relief, states Plaintiff's requested relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the requested relief.

**DEFENSES**

Without assuming any burden that it would not otherwise bear, Defendant asserts the following defenses. Defendant reserves the right to amend, supplement, or withdraw these defenses as appropriate based on the facts and circumstances developed in this litigation.

**FIRST DEFENSE**

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized by statute under the FOIA, 5 U.S.C. § 552.

**SECOND DEFENSE**

Plaintiff's FOIA request, or portions thereof, are unduly burdensome.

**THIRD DEFENSE**

The requested records are exempt or excluded, in full or in part, from disclosure.

**FOURTH DEFENSE**

At all times alleged in the Complaint, Defendant acted in good faith, with justification, and pursuant to authority. Additionally, exceptional circumstances exist that may necessitate additional

time for Defendant to complete the processing of Plaintiff's FOIA request. *See* 5 U.S.C. § 552(a)(6)(C); *Open Am. v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976).

**FIFTH DEFENSE**

Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

Dated: October 5, 2026
Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Zachary C. Simons*
ZACHARY C. SIMONS
DC Bar No. 1736166
Special Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 730-6967
zachary.simons@usdoj.gov

*Attorneys for the United States of America*